UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GRACE GRISSOM, individually and on behalf
of those similarly situated,

                    Plaintiff,

          -against-                                              Case No.: 1:20-cv-07948-VSB

STERLING INFOSYSTEMS, INC.,

                    Defendant.

## STIPULATED PROTECTIVE ORDER

Plaintiff Grace Grissom ("Plaintiff") and Defendant Sterling Infosystems, Inc. ("Defendant") (together, the "Parties"), hereby stipulate and agree that certain discovery material is and should be treated as confidential, and further stipulate and agree to the terms of this Stipulated Protective Order ("Order") by their undersigned counsel as follows:

1.     **Scope.**  All documents and information produced in the course of discovery, including (without limitation) initial disclosures, responses to discovery requests and subpoenas, deposition testimony and deposition exhibits, any other documents or information which may be subject to discovery, as well as information derived from the foregoing (hereinafter collectively "documents"), shall be subject to this Order as set forth below.

2.     **Form and Timing of Designation.**  Parties, as well as non-parties to the litigation that produce documents pursuant to a subpoena ("non-party"), may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the word "CONFIDENTIAL" on the document in a manner which will not interfere with the legibility of the document and which will permit complete removal of the designation.

    a. A Party, or non-party, producing documents may designate them as CONFIDENTIAL prior to, or contemporaneously with, the production or disclosure of the documents.

    b. A Party may designate as CONFIDENTIAL documents or information produced by a non-party after such production.

    c. Inadvertent or unintentional production of documents without a CONFIDENTIAL designation shall not be deemed a waiver, in whole or in part, of the right to later designate such documents as CONFIDENTIAL under this this Order.

    d. A Party, or non-party, may also remove a CONFIDENTIAL designation by providing notice to all Parties, accompanied by a copy of the document with the designation removed.

3.    **Documents Which May be Designated Confidential.**  Any Party, or non-party, shall only designate documents as CONFIDENTIAL upon making a good faith determination that the documents contain: information protected from disclosure by statute; information subject to restrictions on disclosure; sensitive or confidential personal information, including personnel files and medical or psychiatric information; trade secrets; confidential research or development; or such other commercial information that is not publicly available.  Public records and other information or documents that are publicly available may not be designated as CONFIDENTIAL.

4.    **Depositions.**  Deposition testimony shall be treated as CONFIDENTIAL only if a designation is made either (a) on the record during the deposition or (b) in writing within thirty (30) days of receipt of the transcript by counsel for the Party, or non-party, seeking to make such designation.  (Receipt of rough copies of transcripts shall not trigger the thirty-day period.)  Such

designation shall be specific as to the portions of the transcript, or any exhibit, to be designated as CONFIDENTIAL.  The entire transcript shall be treated as CONFIDENTIAL during the thirty-day designation period described in this paragraph.  Thereafter, only those portions so designated shall be protected as CONFIDENTIAL under the terms of this Order.

    5.    **Protection of Confidential Documents.**

    a.    **General Protections.**  Documents designated CONFIDENTIAL under this Order shall not be used or disclosed by the Parties, counsel for the Parties, or any other persons identified below in Paragraph 5.b for any purposes whatsoever other than preparing for and conducting the litigation in this action (including any appeal).

    b.    **Limited Third Party Disclosures.**  The Parties and counsel for the Parties shall not disclose or permit the disclosure of any documents designated CONFIDENTIAL under the terms of this Order to any other person or entity except as set forth in Paragraphs 5.b.i through 5.b.vii below.[1]  Subject to these requirements, the following categories of persons may be allowed to review documents which have been designated CONFIDENTIAL under this Order:

    i.    **Counsel.**  Counsel for the Parties, and employees and agents of counsel who have responsibility for the preparation and trial of this action;

    ii.    **The Court.**  This Court, as well as Court personnel, employees, and agents;

    iii.    **Parties.** Parties and employees of a party to this Order;

    iv.    Parties shall not disclose documents designated as CONFIDENTIAL to putative class members not named as plaintiffs in this lawsuit unless and

---

[1] The Parties may stipulate to or move for modified and/or additional categories of protection.

until one or more classes have been certified, and then only after any such class member to whom disclosure is to be made has executed an acknowledgment (in the form set forth at Attachment A hereto), that he or she has read and understands the terms of this Order and is bound by it;

v. **Court Reporters and Recorders.**  Court reporters and recorders engaged for depositions;

vi. **Consultants, Investigators and Experts.**  Consultants, investigators, or experts (hereinafter collectively "experts") employed by the Parties or counsel for the Parties to assist in the preparation and trial of this action, but only after the person to whom disclosure is to be made has executed an acknowledgment (in the form set forth at Attachment A hereto), that he or she has read and understands the terms of this Order and is bound by it; and

vii. **Others by Consent.**  Other persons only by written consent of the producing Party, or upon order of the Court, and on such conditions as may be agreed or ordered, and then only after the person to whom disclosure is to be made has executed an acknowledgment (in the form set forth at Attachment A hereto), that he or she has read and understands the terms of this Order and is bound by it.

c. **Control of Documents.**  Counsel for the Parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as CONFIDENTIAL under this Order.  Counsel shall maintain the forms signed by persons acknowledging their obligations under this Order

until the time specified in Paragraph 8.b below for the return or destruction of CONFIDENTIAL documents.

d. **Copies.**  All copies, duplicates, electronic images, extracts, summaries or descriptions (hereinafter referred to collectively as "copies"), of documents designated as CONFIDENTIAL under this Order, or any portion of such a document, shall be affixed with the designation "CONFIDENTIAL" if the designation does not already appear on the copy.  All such copies shall be afforded the full protection of this Order.  The term "copies" shall not include indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

6.    **Filing of Confidential Materials.**  In the event a Party seeks to file any material that is subject to protection under this Order with the Court, the filing Party shall take appropriate action consistent with the Local Rules and this Court's Individual Rules of Practice in Civil Cases to insure that the documents receive proper protection from public disclosure including: meeting and conferring with the opposing Party, and filing a redacted document with the consent of the Party, or non-party, who designated the document as CONFIDENTIAL, with accompanying Letter Motion.  Any Party filing documents designated as CONFIDENTIAL shall submit the documents to the Court pursuant to Paragraph 5.B.iii of the Court's Individual Rules of Practice in Civil Cases.  If any documents were designated as CONFIDENTIAL by another Party, the designating Party has the obligation to support the filing of those documents under seal in the required Letter Motion to the Court.

7. **Challenges to Designation as Confidential.**  Any CONFIDENTIAL designation is subject to challenge.  The following procedures shall apply to any such challenge.

    a. The burden of establishing that a document is entitled to CONFIDENTIAL treatment under this Order is on the Party or non-party that designated the document as CONFIDENTIAL.

    b. Any challenges to a CONFIDENTIAL designation shall be treated as a discovery dispute, and the Parties, as well as any involved non-party, shall follow the procedures for such disputes in Paragraph 3 of this Court's Individual Rules of Practice in Civil Cases.

    c. All material designated CONFIDENTIAL shall continue to be treated as such until any challenge to a designation is resolved by the Parties, or ruled upon by this Court.

    d. Challenges to the confidentiality of documents may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

8. **Treatment on Conclusion of Litigation.**

    a. **Order Remains in Effect.**  All provisions of this Order restricting the use of documents designated CONFIDENTIAL shall continue to be binding after the conclusion of the litigation unless otherwise agreed or ordered.

    b. **Return or destruction of CONFIDENTIAL Documents.**  Within thirty (30) days after the conclusion of the litigation, including any appeal, all documents designated as CONFIDENTIAL under this Order, including copies as defined in Paragraph 5.d above, shall be returned to the designating Party or non-party, unless (i) the document has been entered as evidence or filed with the

6

Court (unless introduced or filed under seal); or (ii) the Parties agree to destruction in lieu of return.

c. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product including an index which refers or relates to information designated CONFIDENTIAL, so long as that work product does not duplicate verbatim substantial portions of the information contained in any CONFIDENTIAL documents. This work product shall continue to be CONFIDENTIAL under the terms of this Order. An attorney may use his or her work product in a subsequent litigation, provided that its use does not disclose the CONFIDENTIAL documents, or otherwise violate the terms of this Order.

d. **Return of Documents Filed under Seal.** After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

9. **Use of Confidential Documents or Information at Trial.** Nothing in this Order or any action or agreement of a Party under this Order limits the Court's power to make any further orders with respect to the use and disclosure of any documents at trial.

10. **Electronic Data Production by Defendant.** The Parties foresee the production of electronic information maintained by Defendant, the scope of which will be negotiated between the Parties, that will include non-public personal information relating to the consumers, who are alleged putative class members in this action, including certain "consumer report" information as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"). Pursuant to this Order, Defendant is authorized to produce any negotiated data

production under this Paragraph, under 15 U.S.C. § 1681b(a)(1), and such data will be CONFIDENTIAL under this Order.

11.     **Order Subject to Modification.**  This Order shall be subject to modification on motion of any Party, or any other person who may show an adequate interest in the matter to intervene for purposes of addressing the scope and terms of this Order.  The Order shall not, however, be modified until the Parties shall have been given notice and an opportunity to be heard on the proposed modification.

12.     **No Judicial Determination.**  This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery.  Nothing herein shall be construed or presented as a judicial determination that any specific document or item of information designated as CONFIDENTIAL is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as a document-specific ruling shall have been made.

13.     **Persons Bound.**  This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the Parties (including any parties added by amendments to the pleadings), and persons made subject to this Order by its terms.


**Stipulated to by:**

Date: July 19, 2021                    /s/John G. Albanese
                                       E. Michelle Drake*
                                       John G. Albanese*
                                       BERGER MONTAGUE PC
                                       43 SE Main Street, Suite 505
                                       Minneapolis, MN 55414
                                       T. 612-594-5999
                                       F. 612-584-4470
                                       emdrake@bm.net
                                       jalbanese@bm.net
                                       *pro hac vice

*Counsel for Plaintiff*

Date: July 19, 2021

/s/John W. Drury (with consent)
Robert T. Szyba
SEYFARTH SHAW LLP
620 Eighth Avenue, 32nd Floor
New York, NY 10018
Telephone: (212) 218-5500
Facsimile: (212) 218-5526
rszyba@seyfarth.com

Pamela Q. Devata*
John W. Drury*
SEYFARTH SHAW LLP
233 S. Wacker Drive, Suite 8000
Chicago, Illinois 60606
Telephone: (312) 460-5000
Facsimile: (312) 460-7000
pdevata@seyfarth.com
jdrury@seyfarth.com
*admitted pro hac vice

*Attorneys for Defendant*
*Sterling Infosystems, Inc.*

**IT IS SO ORDERED.**

DATED:  July 23, 2021

Hon. Vernon S. Broderick
U.S. District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GRACE GRISSOM, individually and on behalf
of those similarly situated,

Plaintiff,

-against-

STERLING INFOSYSTEMS, INC.,

Defendant.

Case No.: 1:20-cv-07948-VSB

## ATTACHMENT A

The undersigned hereby acknowledges that he or she has read the Stipulated Protective Order ("Order"), in the above-captioned action, understands the terms thereof, and agrees to be bound by its terms.  The undersigned submits to the jurisdiction of the United States District Court for the Southern District of New York in matters relating to the Order and understands that the terms of the Order obligate him/her to use documents designated as CONFIDENTIAL solely for the purposes of the above-captioned action, and not to disclose any such documents, or information derived therefrom, to any other person, firm, or concern.

The undersigned acknowledges that violation of the Order may result in penalties for contempt of court.

Name:_____
Job Title:_____
Employer:_____
Business Address:_____
_____
_____

Date:_____ _          Signature:_____

10