UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

---

GRACE GRISSOM, *individually and on behalf of those similarly situated*,

                Plaintiff,

-against-

STERLING INFOSYSTEMS, INC.,

                Defendant.

Case No.: 1:20-cv-07948-VSB

---

## ORDER GRANTING
## FINAL APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFYING SETTLEMENT CLASSES, AND TERMINATING ACTION

Plaintiff Grace Grissom ("Class Representative"), on behalf of herself and all others similarly situated, has submitted to the Court a Motion for Final Approval of the Settlement Agreement ("Final Approval Motion"), (Doc. 49), and a Motion for Attorneys' Fees, Costs, and Class Representative Service Award ("Fee Motion"), (Doc. 48).

This Court has reviewed the papers filed in support of the Final Approval Motion, including the Settlement Agreement filed with Plaintiff's Preliminary Approval Motion, the memoranda and arguments submitted on behalf of the Settlement Classes, and all supporting exhibits and declarations thereto, as well as the Court's Preliminary Approval Order. The Court held a Final Fairness Hearing on May 7, 2025, at which time the Parties and other interested persons were given an opportunity to be heard in support of and in opposition to the proposed Settlement. Based on the papers filed with the Court, the presentations made at the Final Fairness Hearing, and for the reasons stated in my Opinion & Order regarding preliminary approval, (Doc. 46), the Court finds that the Settlement Agreement is fair, adequate, and reasonable.

1

Additionally, the Court has reviewed the Fee Motion and the supporting papers. Based on these papers and the arguments counsel presented at the Final Fairness Hearing, and for the reasons stated on the record at the Final Fairness Hearing and further discussed below, I find that the requested attorneys' fees are "reasonable" under the circumstances. *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 48 (2d Cir. 2000). I note that the Fourth Circuit has approved of the instant fee arrangement, that is, separate fee awards in the same case corresponding to an injunctive-relief class under Federal Rule of Civil Procedure 23(b)(2) and a damages class under Rule 23(b)(3). *See Berry v. LexisNexis Risk & Info. Analytics Grp., Inc.*, No. 3:11-CV-754, 2014 WL 4403524, at *15 (E.D. Va. Sept. 5, 2014) (issuing separate awards of attorneys' fees for 23(b)(2) class and 23(b)(3) class), *aff'd sub nom. Berry v. Schulman*, 807 F.3d 600, 617–19 (4th Cir. 2015) (affirming separate 23(b)(2) award).

With regards to the Damages Class, the request for one-third of the total Damages Class Settlement Fund is in line with awards in similar actions within this District. *See, e.g.*, *Meredith Corp. v. SESAC, LLC*, 87 F. Supp. 3d 650, 668 (S.D.N.Y. 2015) (collecting cases). With regards to the Injunctive Relief Class, I find that counsel's billing records demonstrate that the time expended was reasonable, (*see* Doc. 48-3), and that counsel's hourly rates—while on the outer limits of what is reasonable under the circumstances—are consistent with counsel's sophistication and experience, as well as prior decisions within and outside of this District. *See* Fee Decl. ¶ 16, *Gambles v. Sterling Infosystems, Inc.*, No. 15-CV-9746 (S.D.N.Y. July 28, 2020), ECF No. 191, *approved*, ECF No. 205 (S.D.N.Y. Sept. 22, 2020); Fee Decl. ¶ 6, *Taylor v. Inflection Risk Solutions, LLC*, No. 20-CV-2266 (D. Minn. Oct. 14, 2022), ECF No. 85, *approved*, 2022 WL 16949543 (D. Minn. Nov. 15, 2022); *see also City of Almaty v. Ablyazov*, No. 15-CV-5345, 2020 WL 614656, at *2 (S.D.N.Y. Feb. 7, 2020). Including counsel's estimate of time spent following the filing of the Fee Motion, the lodestar multiplier for the Injunctive Relief Class fee award is

3.21, which is within the range of multipliers approved in this District for contingent class litigation. *See, e.g.*, *In re Telik, Inc. Sec. Litig.*, 576 F. Supp. 2d 570, 590 (S.D.N.Y. 2008). Given the unique and contingent nature of this litigation, the favorable results to the Injunctive Relief Class, counsel's representations at the Final Fairness Hearing regarding the process for arriving at the reasonable hourly rates, I will approve the request for attorneys' fees.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows**:

1. This Final Approval Order incorporates herein and makes a part hereof the Settlement Agreement, the Preliminary Approval Order, the Opinion & Order regarding the Preliminary Approval Order, (Doc. 46), and my comments made on the record during the Final Fairness Hearing. Unless otherwise provided herein, the capitalized terms used herein shall have the same meanings and/or definitions given to them in the Preliminary Approval Order and Settlement Agreement, as submitted to the Court with the Preliminary Approval Motion.

2. This Court has jurisdiction over the subject matter of this action, the Class Representative, the Settlement Classes, and Defendant.

**RULE 23(b)(2) SETTLEMENT CLASS**

3. In the Preliminary Approval Order, this Court previously certified, for settlement purposes only, the Injunctive Relief Class defined as follows:

> All consumers for whom Sterling matched a record included in a consumer report based on a name developed through a SSN trace from September 25, 2018 through June 4, 2021 wherein the consumer's first name, last name and middle name or middle initial did not exactly match the first name, last name, middle name or middle initial of the record reported.

4. Certification of the Injunctive Relief Class is hereby reaffirmed as a final Settlement Class pursuant to Fed. R. Civ. P. 23(b)(2). For the reasons set forth in the Preliminary Approval Order, this Court finds, on the record before it, that this action may be maintained as a class action on behalf of the Injunctive Relief Class.

3

5.      In the Preliminary Approval Order, this Court previously appointed Plaintiff as Class Representative, and hereby reaffirms that appointment, finding, on the record before it, that Plaintiff has and continues to adequately represent the Injunctive Relief Class Members.

### **RULE 23(b)(3) SETTLEMENT CLASS**

6.      In the Preliminary Approval Order, this Court previously certified, for settlement purposes only, the Damages Class defined as follows:

> All consumers for whom Sterling matched a record included in a consumer report based on a name developed through a SSN Trace from September 25, 2018 through June 4, 2021 wherein the consumer's first name, last name and middle name or middle initial did not exactly match the first name, last name, middle name or middle initial of the record reported; and where the consumer either made a dispute to Defendant regarding the report and an amended report was issued or where a pre-adverse action notice was sent to the consumer regarding the report.

7.      Certification of the Damages Class is hereby reaffirmed as a final Settlement Class pursuant to Fed. R. Civ. P. 23(b)(3).  For the reasons set forth in the Preliminary Approval Order, this Court finds, on the record before it, that this action may be maintained as a class action on behalf of the Damages Class.

8.      In the Preliminary Approval Order, this Court previously appointed Plaintiff as Class Representative for the Damages Class and hereby reaffirms that appointment, finding on the record before it, that Plaintiff has and continues to adequately represent the Damages Class Members.

9.      **CLASS COUNSEL APPOINTMENT** — In the Preliminary Approval Order, this Court previously appointed E. Michelle Drake and John G. Albanese of Berger Montague PC as Counsel for the Settlement Classes and hereby reaffirms that appointment, finding, on the record before it, that Class Counsel have and continue to adequately and fairly represent Settlement Class Members.

10.     **CLASS NOTICE** — The record shows, and the Court finds, that notice to the

Settlement Classes has been given in the manner approved by the Court in the Preliminary Approval Order. The Court finds that such notices (i) constituted the best notice practicable to the Settlement Classes under the circumstances; (ii) were reasonably calculated, under the circumstances, to apprise the Settlement Classes of the pendency of this Action, the terms of the Settlement Agreement, their rights under the Settlement Agreement and deadlines by which to exercise them, and the binding effect of the Final Approval Order on the Settlement Class Members; (iii) provided due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) fully satisfy the requirements of the U.S. Constitution (including the Due Process Clause), Federal Rule of Civil Procedure 23, and any other applicable law.

11. Full opportunity has been afforded to members of the Settlement Classes to participate in the Final Fairness Hearing. Accordingly, the Court determines that all Settlement Class Members are bound by this Final Approval Order in accordance with the terms provided herein.

## **FINAL APPROVAL OF THE SETTLEMENT AGREEMENT**

12. Pursuant to Fed. R. Civ. P. 23(e), the Court hereby finally approves in all respects the Settlement as set forth in the Settlement Agreement, and finds the benefits to the Settlement Classes, and all other parts of the Settlement are, in all respects, fair, reasonable, and adequate, and in the best interest of the Settlement Classes, within a range that responsible and experienced attorneys could accept considering all relevant risks and factors and the relative merits of the Plaintiff's claims and any defenses of Defendant, and are in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause, and the Class Action Fairness Act. Accordingly, the Settlement shall be consummated in accordance with the terms and provisions of the Settlement Agreement, with each Settlement Class Member being bound by the

Settlement Agreement, including all releases set forth in the Settlement Agreement.

13. Specifically, the Court finds that the terms of the Settlement Agreement are fair, reasonable, and adequate given the following factors, among other things:

A. All claims within the above-captioned proceeding are complex and time-consuming, and would have continued to be so through summary judgment and/or trial if it had not settled;

B. Class Counsel had a well-informed appreciation of the strengths and weaknesses of the Action while negotiating the Settlement Agreement;

C. The relief provided for by the Settlement Agreement is well within the range of reasonableness in light of the best possible recovery and the risks the Parties would have faced if the case had continued to trial;

D. The Settlement Agreement was the result of arms' length, good faith negotiations and exchange of information by experienced counsel;

E. The reaction of the Settlement Classes has been positive.

14. The Court overrules the one objection filed in this matter.

15. All claims in the above-captioned proceeding are hereby dismissed with prejudice and terminated. Except as otherwise provided herein or in the Settlement Agreement, such dismissal and termination shall occur without costs to Plaintiff or Defendant. All Injunctive Relief Class Members are hereby enjoined from asserting any Released Claim, other than on an individual basis, against any Released Party. All Damages Class Members hereby fully release all Released Parties for all Damages Class Released Claims, and are hereby enjoined from instituting, maintaining, or prosecuting, either directly or indirectly, any lawsuit or claim that asserts any Damages Class Released Claims.

16. Pursuant to the Settlement Agreement, as of the Effective Date, Plaintiff and the

Settlement Class Members shall be deemed to have fully, finally, and forever released and discharged the Released Parties from any and all Released Claims, as those terms are defined in the Settlement Agreement.

17. **ATTORNEYS' FEES, COSTS, AND SERVICE AWARD** – Pursuant to Fed. R. Civ. P. 23(h), Class Counsel applied to the Court for awards of attorneys' fees and costs as related to each Settlement Class.

18. The Court notes that the requested amounts were included in the notice materials disseminated to the Settlement Classes and there have been no objections to the requested amounts.

19. The Court, having reviewed the declarations, exhibits, and memoranda submitted in support of the requests for attorneys' fees and reimbursement of costs, approves an award of attorneys' fee and costs to Class Counsel as to the Damages Class in the amount of $833,333.33 and $20,212.21, respectively, and as to the Injunctive Relief Class, approves the separate payment by Defendant of $500,000. The Court finds these amounts are reasonable and appropriate under all circumstances presented for the reasons discussed *supra* at 2.

20. The Court also approves a service award to the Class Representative Grace Grissom of $10,000, of which $5,000 is to be paid from the Damages Class Settlement Fund and $5,000 to be paid from the $500,000 awarded in connection with the Injunctive Relief Class.

21. The Settlement Administrator is further approved to reimburse its reasonable costs in connection with the Damages Class from the Damages Class Settlement Fund prior to the distribution to the Damages Class Members.

22. The Settlement Administrator is directed to distribute the balance of the Settlement Fund to participating Damages Class Members as expressly set forth in the Settlement Agreement. Should funds remain for *cy pres* distribution, the Parties' selected organization, The Innocence Project, is approved to receive such residual funds. The Court approves the *cy pres* recipient as

bearing a reasonable relationship to the goals of this litigation, which include ensuring accuracy in criminal background checks.

23.     The Court expressly retains exclusive and continuing jurisdiction, without affecting the finality of this Order, over the Settlement Agreement, including all matters relating to the implementation and enforcement of the terms of the Settlement Agreement. Nothing herein, including the Court's retention of jurisdiction over the Settlement Agreement, shall be a basis for any Party, including any class member, to assert personal jurisdiction over any other Party in any matter other than a matter seeking to enforce the terms of the Settlement Agreement.

24.     If the Effective Date, as defined in the Settlement Agreement does not occur for any reason whatsoever, this Final Approval Order shall be deemed vacated and shall have no force or effect whatsoever.

25.     The Parties are hereby directed to carry out their obligations under the Settlement Agreement.

26.     There being no just reason for delay, the Court directs this Final Order be, and hereby is, entered as a final and appealable order.

The Clerk of Court is respectfully directed to terminate the pending motions at Docs. 48 and 49 and to close the case.

**It is SO ORDERED.**

Dated: May 8, 2025

Hon. Vernon S. Broderick
U.S. District Judge